# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT JESS KNAPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09-CV-535-CDP |
| | ) |
| TOM CLEMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Jess Knape for leave to commence this action without payment of the required filing fee [Doc. #4]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.76. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.82, and an average monthly balance of $1.50. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.76, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at the South Central Correctional Center, brings this action under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights during his incarceration at the Eastern Reception and Diagnostic Correctional Center ("ERDCC"). Named as defendants are Tom Clement (Director of Adult Institutions), Patricia Cornell (Assistant Director, Zone III), Steve Larkins (Acting Superintendent Warden), Jason Lewis (Acting Assistant Superintendent/Assistant Warden), Larry Short (Functional Unit Manager), Heather Nagel (Correctional Caseworker I), Sonia Asia (Correctional Caseworker I), and L. B. Montgomery (Correctional Caseworker I). Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that the "classification staff intentionally withheld [his] legal mail." More specifically, plaintiff states that he had another case pending in this

-3-

Court, Knape v. Bliss, No. 2:08-CV-61-AGF (E.D.Mo.), and that although he received the Court's dismissal documents on or about December 5, 2008, he did not understand what they meant until January 7, 2009, when defendants finally gave him the case initiation documents, which plaintiff asserts he should have received on November 10, 2008.[1] Plaintiff claims the case initiation documents were "legal mail," and that when he received them on January 7, they were "not properly sealed and [were taped] with scotch tape supposedly by the Eastern District Court." He states, "I believe that this was done in retaliation [for] the many complaints filed within the institution." Plaintiff alleges that he brought this matter to the attention of defendants Lewis, Larkins, Clement, and Cornell, but "nothing was and is still being done towards this matter."

Plaintiff filed an Informal Resolution Request with ERDCC, and he attached to the instant complaint a copy of the response he received from defendant Heather Nagel. Nagel explained that a piece of mail belonging to plaintiff had been found in a binder that had been missing since approximately November 10, 2008. Nagel

---

[1] According to the docket sheet in Knape v. Bliss, No. 2:08-CV-61-AGF (E.D.Mo.), on November 6, 2008, the Clerk of Court sent plaintiff a Complaint Letter, advising him that the Court had received and filed his complaint, and a Consent Form relative to the case assignment of a Magistrate Judge. It is unclear to the Court, and plaintiff does not explain, how the said case initiation documents would have helped him to better understand the Court's dismissal of his lawsuit.

further explained that the binder was found on January 7, 2009, and that "the Housing Unit #2 CCA . . . immediately took the mail to [plaintiff] and apologized for the delay." Nagel further noted, "You did receive your mail. The delay was not done in malice. It is regretful the mail was displaced however it was not done intentionally. You did receive an apology. Staff will be reminded of the importance of the handling of legal mail."

**Discussion**

The Constitution requires that privileged "legal mail," such as mail from attorneys to inmates, must be opened in the presence of the prisoner. See Harrod v. Halford, 773 F.2d 234, 235 (8th Cir. 1985). However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). This is because, "with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987). Because plaintiff's allegations only concern mail sent to him from the United States District Court, he has failed to state a claim for the unconstitutional opening of his legal mail.

Moreover, to the extent that plaintiff is attempting to assert an access-to-the-courts claim, the complaint is legally frivolous. Plaintiff has alleged no facts

indicating that he suffered prejudice to a nonfrivolous legal claim because he received the Court's dismissal documents prior to having untimely received the Court's case initiation documents. See Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated). The Court notes that plaintiff's prior lawsuit, Knape v. Bliss, No. 2:08-CV-61-AGF (E.D.Mo.), was dismissed without prejudice because the complaint failed to state a claim upon which relief could be granted and/or was legally frivolous. Furthermore, plaintiff's timely receipt of the case initiation documents would not have assisted him in litigating his prior case. For these reasons, the instant action will be dismissed as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.76 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE